UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:05-CR-84 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| JOHN WAYNE BLACK | ) | |

<u>REPORT AND RECOMMENDATION</u>

    Defendant has filed a motion to suppress audiotaped recordings based upon an alleged violation of the defendant's Sixth Amendment right to counsel [Doc. 24]. That motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on December 29, 2005

    On September 26, 2005, a criminal complaint was issued against defendant which charged him with charges that are now included in the subsequent indictment.

    The next day, on September 27, 2005, defendant retained counsel who appeared with him at his initial appearance before this Court.

    Defendant was indicted on October 11, 2005.

    In his motion to suppress, defendant asserts that he has learned through discovery that conversations between defendant and Jonathan Morgan, a Cocke County Deputy Sheriff acting as an informant on behalf of the government, were recorded by Morgan *after* counsel was retained in this case, i.e., after September 27, 2005.

Defendant argues that any recordings of conversations between defendant and confidential informants after September 27 who were acting as informants for the government violated defendant's Sixth Amendment right to counsel.

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Statements elicited in violation of one's Sixth Amendment right to counsel must be suppressed. *Massiah v. United States,* 377 U.S. 201, 207, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). But "[t]he Sixth Amendment right [to counsel] . . . is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *McNeil v. Wisconsin*, 501 U.S. 171, 175, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (internal quotation marks omitted).

*United States v. Cope*, 312 F.3d 757, 772 (6th Cir. 2002).

> [T]he fact that law enforcement officials arranged for an informant to converse with an indicted defendant about offenses other than those for which the defendant has been indicted is not unlawful. [Citation omitted.] Thus, if an informant "deliberately elicits" incriminating statements relating to the charged offense, the defendant is entitled to suppression of those statements in the trial on the charged offense, but the Sixth Amendment raises no bar to the initiation of the interview itself or to the use of any statements that incriminate the defendant on *uncharged offenses*. [Citations omitted.]

*United States v. Ford*, 176 F.3d 376, 380 (6th Cir. 1999).

As far as this case is concerned, whether defendant initiated the conversations or whether the informants did, is irrelevant. In its response, the government states that it will not use any of the post-complaint recordings in its proof-in-chief, and any use of

2

those recordings will be for impeachment only. In *Michigan v. Harvey*, 494 U.S. 344 (1990), the Supreme Court addressed the use of *suppressed* recordings for purposes of impeachment:

> In *Michigan v. Jackson*, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986), the Court established a prophylactic rule that once a criminal defendant invokes his Sixth Amendment right to counsel, a subsequent waiver of that right–even if voluntary, knowing, and intelligent under traditional standards–is presumed invalid if secured pursuant to police-initiated conversation. We held that statements obtained in violation of that rule may not be admitted as substantive evidence in the prosecution's case in chief. The questioned presented in this case is whether the prosecution may use a statement taken in violation of the *Jackson* prophylactic rule to impeach a defendant's false or inconsistent testimony. We hold that it may do so.

*Id*., p. 345.

In light of *Harvey* and the government's assertion that the post-complaint recordings will be used only for impeachment, it is recommended that defendant's motion to suppress be denied.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and ©. *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission.

The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

        Respectfully submitted,

                                        s/ Dennis H. Inman
                                  United States Magistrate Judge