UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA          )
                                  )
v.                                )          NO. 2:05-CR-84
                                  )
JOHN WAYNE BLACK                  )


## MEMORANDUM  OPINION  AND  ORDER

This matter  is before the Court on defendant's motion and supplemental

motion to stay execution of sentence pending appeal [Docs. 76 and 86].  The government

has responded [Docs. 77 and 87]. A hearing was held on September 14, 2006 and the

matter is now ripe for disposition.

Defendant was convicted by a jury on March  9, 2006, of Counts Two and

Three of a superseding indictment returned by the federal grand jury on November 8,

2005.[1]   Count Two charged that the defendant made a false material declaration as a

deponent in a civil case in violation of 18 U.S.C. § 1623.  Count Three charged the

defendant with witness tampering in violation of  18 U.S.C. § 1512(b)(1)&(3).  On July

_____

[1]   Count One of the superseding indictment was dismissed on motion of the government prior to
trial.[Doc. 41].  Counts Two and Three were referred to during the trial as Counts One and Two.

10, 2006, the defendant was sentenced to 24 months imprisonment,[2] three years of supervised release and a $200.00 special assessment. On that same date, the defendant filed his notice of appeal to the United States Court of Appeals for the Sixth Circuit and his appeal is currently pending in that court.

Pursuant to 18 U.S.C. § 3143(b), a defendant who has been found guilty of an offense and sentenced to a term of imprisonment must be detained pending appeal unless the court finds: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, or a sentence which does not include imprisonment or a lesser term than that already served. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F. 2d 1177, 1181 (6th Cir. 1985). The statute creates a presumption in favor of detention pending appeal. *United States v. Vance*, 851 F. 2d 166, 168-169 (6th Cir.), *cert. denied*, 488 U. S. 893, 109 S. Ct. 231, 102 L. Ed. 2d 220 (1988). The burden of proving each of the prerequisites for release pending appeal pursuant to § 3143(b) is upon the defendant.

At the hearing of this matter on September 14, 2006, the defendant offered no proof and elected to stand upon his brief and the evidence of record in the case in

---

[2] This Court permitted Mr. Black to self report to the Bureau of Prisons for the service of his term of imprisonment and he is scheduled to report on October 2, 2006.

support of his motion.   For the reasons which follow, the defendant has failed to meet his burden of proof and his motion will be **DENIED**.

As set forth above, a defendant seeking release pending appeal must show by:  (1)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community;  <u>and</u> (2)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, or a sentence which does not include imprisonment or a lesser term than that already served.   The Court will address the proof before it on each of these factors briefly.

## <u>Risk to flee or danger to the community</u>

In addressing this factor, the defendant asserts that  "Johnny Black is neither a flight risk nor a danger to the community."  (Defendant's motion at 4).   The defendant relies heavily upon the fact that the Magistrate Judge released the defendant on bond pending his trial in this matter and that this Court allowed the defendant to self report to the Bureau of Prisons after the birth of his child, concluding that "both this Honorable Court and the Honorable Magistrate Judge Dennis H. Inman have had ample opportunity to deem Mr. Black a flight risk or a danger to the community, and neither has done so."  (Defendant's motion at 4-5).   Defendant's argument in this regard, however, overlooks the obvious.   A person who has been convicted of an offense and sentenced to a term of imprisonment is presumed by the statute to be a danger to the community and the

defendant must overcome this presumption.  *Vance*, 851 F. 2d at 168.   As observed by this Court at the hearing on this matter, the risk of flight and danger to the community increase after a defendant's conviction and this Court cannot, upon the record before it, conclude by clear and convincing evidence that the defendant is neither a risk of flight nor a danger to any other person or the community if released pending appeal.[3]   Even if this Court were to so assume, however, the defendant cannot meet the second prerequisite to release pending appeal pursuant to § 3143(b)(1)(B).

## Substantial question of law or fact

This Court will assume for the purposes of this motion that the appeal in this case is not for the purpose of delay and will instead focus on the question of whether or not the appeal raises a substantial question of law or fact likely to result in a reversal, an order for a new trial, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.   An issue is "substantial" if it presents a "close question or one that could go either way . . ." and the court finds that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the

---

[3]   The oral argument on defendant's motion focused primarily on the question of whether a substantial question of law or fact exists on appeal.  The government, at oral argument, made clear to the Court that it did not concede that Black was neither a danger to the community nor a flight risk and requested an opportunity to present evidence of other wrongdoings by Black, should the Court find for Black on the "substantial question of law or fact" prong of § 3143(b).  Counsel for Black asked for an opportunity to respond to any such allegations.  The Court sees no need for the government to present such evidence since the Court has determined that Black has not met his burden by clear and convincing evidence.

defendant's favor. *United States v. Watts*, 812 F. 2d 1409 (6th Cir. 1987) (unpublished).

In this case, defendant asserts that he has shown a substantial question of law or fact with respect to the sufficiency of the evidence to sustain his conviction and, in his supplemental motion, an alleged erroneous jury instruction with respect to Count Three of the superseding indictment.

### 1.   *Sufficiency of the evidence*

The defendant asserts that the evidence is insufficient to sustain his conviction as to either count of the superseding indictment.   Evidence is sufficient to sustain a conviction if "viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (1979).   In considering the evidence, the appellate court allows the government the benefit of all reasonable inferences and does not independently "weigh credibility so long as it is not facially insubstantial or incredible. *United States v. Welch*, 97 F. 3d 142, 148-151 (6th Cir.), *cert. denied,* 519 U.S. 1134 (1997).

At the outset, the Court notes that it is a rare case where a conviction is reversed based on a claim that the evidence is insufficient to support a jury's verdict.  As noted by the government, a defendant challenging the sufficiency of the evidence "bears a heavy burden . . ." *United States v. Jefferson*, 149 F. 3d 444, 445 (6th Cir. 1998).   In support of his argument, the defendant suggests that the jury could have drawn other

inferences from the evidence introduced at trial and points out that this Court, in deciding the Rule 29 motion made at the conclusion of the government's proof, "in fact suggested that this case could very well be decided another way." The defendant relies on this Court's statement in the denial of his motion for judgment of acquittal that "the evidence may in some respects be close and the evidence may in some places be contradictory." These arguments, however, completely miss the point.

The fact that the evidence with respect to defendant's guilt of the offenses charged in the superseding indictment might have been close on the facts and somewhat conflicting does not create a close question that could go either way on appeal. Could the jury have reached a different result in this case? Yes. Does that mean there is not sufficient evidence to support the jury's verdict? The answer is clearly "no". Juries resolve questions of fact in every case, often resolving conflicting and close evidence. This Court has twice previously determined that the evidence was sufficient in this case and the defendant has pointed the Court to no facts which suggest otherwise. That the jury could have reached a different result is of no consequence in evaluating the sufficiency of the evidence to sustain the defendant's convictions. In sum, the jury acted within its perogative in accrediting the government's theory of the case and rejecting the defense theory based upon the testimony and evidence presented and the defendant has not shown that his challenge to the sufficiency of the evidence raises a "close question".

2. _Jury instructions as to Count Three_

Count Three of the superseding indictment charged the defendant with knowingly attempting to corruptly persuade a witness in his civil case to give false testimony in an official proceeding in violation of 18 U.S.C. § 1512(b)(1)&(3).   The defendant now raises,  for the first time, an allegation that the Court's instruction to the jury with respect to Count Three was legally incorrect.   This Court instructed the jury as follow:

> In order to prove a violation of § 1512(b)(1) the government must prove the following two (2) essential elements beyond a reasonable doubt:
>
> First, That the defendant, John Wayne  Black, knowingly attempted to corruptly persuade or engaged in misleading conduct toward  Jonathan Morgan, the person identified in this  count  of  the  indictment as a witness; and
>
> Second, that the defendant did so intending to influence the testimony of Jonathan  Morgan  at an official proceeding.
>
> To "persuade" is to engage in any noncoercive attempt to induce another person to engage in certain conduct.
>
> The word "corruptly" means having an improper purpose. An improper purpose for this case is an intent to subvert, undermine or impede the fact finding ability of an official proceeding.
>
> The term "misleading conduct" means knowingly making a false statement or intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement.

7

> To "act with intent to influence the testimony of a witness" means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the witness's testimony was in fact changed in any way.

The defendant asserts that the instruction given in this case is virtually identical to the instruction found improper in *Arthur Andersen LLP v. United States*, 544 U. S. 696 (2005). Although the government asserts otherwise, the instruction given by this Court appears to be identical to the instruction given by the district court in the *Arthur Andersen* case. *See United States v. Arthur Andersen LLP*, 374 F. 3d 281, 284 (5th Cir. 2004). The jury instruction, therefore, may have been improper.

The difficulty which the defendant faces however is twofold. First of all, a reversal of his conviction on Count Three on this basis would not result in a reversal of his conviction as to Count Two. More importantly, the defendant not only failed to object to the improper instruction at trial but affirmatively embraced the Court's instruction. (See Doc. 46) Thus, any appellant review of the charge would be for plain error. *United States v. Frady*, 456 U. S. 152, 163 (1982); Rules 30, 52, *Fed. R. Crim. P.* "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U. S. 145 (1977).[4] Given the lack of objection to the instruction by the

---

[4] The defendant also argues, alternatively, that a reversal of Count Three is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). While acknowledging that the advisory guideline range for a

defendant, this Court cannot find that a reversal on this basis is "more probable than not."  For all these reasons, the motions of the defendant [Docs. 76 and 86] to stay execution of sentence pending appeal are **DENIED**.

SO ORDERED.

ENTER:


ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

conviction as to Count Two is 15-21 months imprisonment, defendant argues that it is possible that he could spend more time in prison before his appeal is decided than he would if just sentenced as to Count Two, citing statistics that indicate that the average time in the Sixth Circuit for a decision on an appeal is fourteen and one-half months. This Court is mindful that a reversal as to Count Three and a remand for sentencing as to Count Two could result in a sentence of less than the 24 month sentence received by Mr. Black.   Such a conclusion, however, would require this Court to speculate as to the sentence that might be imposed by this Court upon conviction of Count Two alone, something the Court is not willing to do at this time.  In addition, the average time necessary for the Sixth Circuit to decide his appeal is less than the low end of the advisory guideline range for Count Two by itself.